# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AKAMAI TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 02-12226 RWZ |
| ) | |
| SPEEDERA NETWORKS, INC. ) | Judge Rya W. Zobel |
| ) | |
| Defendant. ) | JURY TRIAL REQUESTED |
| ) | |
| SPEEDERA NETWORKS, INC. ) | |
| ) | |
| Counterplaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| AKAMAI TECHNOLOGIES, INC., ) | |
| ) | |
| Counterdefendants. ) | |

## AKAMAI'S REPLY AND AFFIRMATIVE DEFENSES TO SPEEDERA'S COUNTERCLAIMS

Akamai Technologies, Inc. ("Akamai"), by and through undersigned counsel replies as follows to the numbered paragraphs of the Counterclaims asserted by Defendant, Speedera Networks, Inc. ("Speedera"), in Speedera's Answer to Akamai's Original Complaint for Patent Infringement; Affirmative Defenses; Counterclaims.

7. Speedera is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 4800 Great America Parkway, Santa Clara, California.

**Akamai's Reply:**



Admitted

8. Speedera is informed and believes, and therefore alleges, that Akamai is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 8 Cambridge Center, Cambridge, Massachusetts.

**Akamai's Reply:**

Admitted.

9. Speedera's counterclaims against Akamai include counterclaims pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202.

**Akamai's Reply:**

Plaintiffs admit that Speedera's counterclaims include counterclaims pursuant to the patent laws with a specific remedy for declaratory judgment, but deny that Speedera's counterclaims state valid claims.

10. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Akamai's Reply:**

Plaintiffs admit that jurisdiction is proper in this Court, but deny that Speedera's counterclaims for declaratory relief state valid claims.

11. Akamai claims an ownership interest in the patent in suit, U.S. Patent No. 6,421,726.

**Akamai's Reply:**

Admitted.

12. Venue in this district is proper with regards to these counterclaims under 28 U.S.C. §§ 1391 and 1400.

**Akamai's Reply:**

Admitted.

13. Speedera realleges and incorporates by reference Paragraphs 7 through 12, above.

**Akamai's Reply:**

Akamai realleges and incorporates by reference its replies to paragraphs 7 through 12, above.

14. As a result of the charges of infringement against Speedera, an actual controversy exists as to infringement, invalidity, and unenforceability of the '726 Patent.

**Akamai's Reply:**

Admitted.

15. Speedera realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein, specifically, Paragraphs 1 through 6 herein.

**Akamai's Reply:**

Akamai has not responded to Speedera's Answer or Affirmative Defenses because no responsive pleading is allowed pursuant to Rule 7(a), Fed. R. Civ. P. The reference in paragraph 15 above to "Paragraphs 1 through 6" of Speedera's Answer and Affirmative Defenses is ambiguous. Speedera's Answer contains numbered paragraphs 1-6 and Speedera's Affirmative Defenses contains separately numbered paragraphs 1-6. No response is appropriate for paragraphs 1 through 6 of Speedera's Answer. Plaintiffs deny each and every allegation of paragraphs 1-6 of Speedera's Affirmative Defenses.

16.   Speedera has not infringed, and is not now infringing, the '726 Patent.

**Akamai's Reply:**

Denied.

17.   The '726 Patent is invalid, void, and/or unenforceable under at least 35 U.S.C. §§ 101, 102, 103, and 112.

**Akamai's Reply:**

Denied.

18.   Plaintiff brought this action with knowledge that the '726 Patent is invalid, unenforceable, and/or not infringed.

**Akamai's Reply:**

Denied.

19. This counterclaim is exceptional under 35 U.S.C. § 285 and Speedera is entitled to an award of its reasonable attorneys' fees.

**Akamai's Reply:**

Denied.

20. Speedera realleges and incorporates by reference Paragraphs 7 through 12, above.

**Akamai's Reply:**

Akamai realleges and incorporates by reference its replies to paragraphs 7 through 12, above.

21. On November 19, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,484,143 ("the '143 Patent"), entitled USER DEVICE AND SYSTEM FOR TRAFFIC MANAGEMENT AND CONTENT DISTRIBUTION OVER A WORLD WIDE AREA NETWORK, to Eric Sven-Johan Swildens, Richard David Day and Ajit K. Gupta. Speedera is the owner, by valid assignment, of all right, title and interest in the '143 Patent. A copy of the '143 Patent is attached to this Counterclaim as Exhibit A.

**Akamai's Reply:**

Akamai admits that Exhibit A, as attached to Speedera's Counterclaim, purports to be U.S. Patent 6,484,143. Akamai also admits that the patent indicates on its face that it issued on November 19, 2002 to Eric Sven-Johan Swildens, Richard David Day and Ajit K. Gupta and is entitled USER DEVICE AND SYSTEM FOR TRAFFIC

MANAGEMENT AND CONTENT DISTRIBUTION OVER A WORLD WIDE AREA NETWORK. Akamai further admits that the Assignee listed on the face of the '143 patent is Speedera. Akamai is without information sufficient to form an opinion or belief as to the truth of any other allegation in Paragraph 21, and therefore denies the same.

22. Upon information and belief, Akamai has been, and currently is, directly and indirectly infringing the '143 Patent by making, using, marketing, selling, reselling, offering for sale, and/or inducing others to use, a service based system for traffic management and content distribution for a plurality of users over a world wide network of computers.

**Akamai's Reply:**

Denied.

23. Upon information and belief, Akamai has had actual and constructive knowledge of the '143 Patent, and Akamai's infringement of the '143 Patent has been willful, and Akamai's infringement of the '143 Patent will continue unless enjoined by this court. Pursuant to 35 U.S.C. § 283, Speedera is entitled to a permanent injunction against further infringement.

**Akamai's Reply:**

Denied.

24. As a direct and proximate consequence of Akamai's infringement of the '143 Patent, Speedera has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Speedera is entitled to relief.

**Akamai's Reply:**

Denied.

25. This counterclaim is exceptional under 35 U.S.C. § 285, and Speedera is entitled to an award of its reasonable attorneys' fees.

**Akamai's Reply:**

Denied.

26. Speedera demands a trial by jury of all issues so triable in this action, including without limitation, those issues raised in the Complaint, Answer, Affirmative Defenses, and Counterclaims.

**Akamai's Reply:**

No reply is required.

## AFFIRMATIVE DEFENSES

1. Akamai alleges, based upon information presently available, and without prejudice to further amendment upon information learned during discovery, that asserted claims of the '143 patent are invalid, inter alia, for failing to meet the conditions for patentability set out at 35 U.S.C. § 101, et seq., including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

2. Akamai has not infringed directly or indirectly, literally or by the doctrine of equivalents, any valid claim of the '143 patent.

3. Akamai's accused products have substantial non-infringing uses and, therefore, cannot induce or contribute to infringement of the '143 patent.

## RELIEF REQUESTED

**WHEREFORE**, Akamai prays for judgment and relief including:

(A)    Judgment that Speedera's counterclaims be dismissed with prejudice and without relief or recovery to Speedera;

(B)    Judgment that the '726 patent is not invalid, void or unenforceable and that Speedera has been and is infringing one or more of the claims of the '726 patent in violation of 35 U.S.C. § 271;

(C)    A permanent injunction enjoining Speedera, it officers, agents, servants, employees and others acting for or on its behalf from infringing or inducing the infringement of the '726 patent;

(D)    An award of damages incurred as a result of patent infringement by Speedera pursuant to 35 U.S.C. § 285;

(E)    An award trebling the damages pursuant to 35 U.S.C. § 284 for willful infringement of the '726 patent if the infringement does not cease promptly after filing this suit;

(F)    An assessment of costs, including reasonable attorney fees pursuant to 35 U.S.C. § 285, and prejudgment interest against Speedera; and

(G)    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Date: February 11, 2003

John P. Iwanicki, Esq., BBO# 556465
Ernest V. Linek, Esq., BBO# 543985
BANNER & WITCOFF, LTD.
28 State Street, 28th Floor
Boston, Massachusetts  02109
617-227-7111
jiwanicki@bannerwitcoff.com

>Mark T. Banner, Esq.
>Christopher J. Renk, Esq.
>J. Pieter van Es, Esq.
>Aimee M. Boss, Esq.
>BANNER & WITCOFF, LTD.
>Ten South Wacker Drive, 30th Floor
>Chicago, Illinois  60606
>312-715-1000
>mbanner@bannerwitcoff.com
>
>Attorneys for Akamai Technologies, Inc.

### CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served by hand upon the defendant Speedera Networks, Inc., by delivering a copy of same to:

>Timothy C. Blank
>DECHERT PRICE & RHOADS
>Ten Post Office Square
>Boston, Massachusetts  02109
>617-728-7154
>617-426-6567 (fax)

and by delivering courtesy copies via U.S. mail, postage prepaid, first class, and facsimile to:

>Daniel Johnson, Jr.
>Darryl M. Woo
>FENWICK & WEST LLP
>Two Palo Alto Square
>Palo Alto, California  94306
>650-494-0600
>650-494-1417 (fax)

Date: February 11, 2003