UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-12226-RWZ

AKAMAI TECHNOLOGIES, INC.

v.

SPEEDERA, INC.

ORDER REGARDING CLAIM CONSTRUCTION

December 30, 2003

ZOBEL, D.J.

Plaintiff Akamai Technologies, Inc., ("Akamai") alleges that defendant Speedera, Inc., ("Speedera") has infringed United States Patent No. 6,421,726 ("'726 patent"), a "System and Method for Selection and Retrieval of Diverse Types of Video Data on a Computer Network." Speedera, in turn, has filed a countersuit alleging infringement of United States Patent No. 6,484,143 ("'143 patent"), a "User Interface Device and System for Traffic Management and Content Distribution Over a World Wide Area Network." The parties dispute the construction of five claim terms from the '726 patent as well as two from the '143 patent.

The construction of patent claims is a matter of law for this Court to decide. Markman v. Westview Instruments, Inc., 517 U.S. 370, 388-89 (1996). Normally, "there is a strong presumption that the ordinary and accustomed meaning of a claim term governs its construction." Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp., 320 F.3d 1339, 1347 (Fed. Cir. 2003). However, the presumption may be overcome if the patent

specification or prosecution history "clearly and deliberately set[s] forth" a different meaning.  K-2 Corp. v. Salomon S.A., 191 F.3d 1356, 1363 (Fed. Cir. 1999); Boehringer, 320 F.3d at 1347.  Such a circumstance arises where "the patentee has chosen to be his or her own lexicographer by clearly setting forth an explicit definition for a claim term" or "where the term or terms chosen by the patentee so deprive the claim of clarity that there is no means by which the scope of the claim may be ascertained from the language used." Johnson Worldwide Associates, Inc. v. Zebco Corp., 175 F.3d 985, 990 (Fed. Cir. 1999). If the intrinsic evidence fails to resolve ambiguity in the claim language, evidence extrinsic to the patent file and history such as expert and inventor testimony, dictionaries, and technical treatises and articles may be considered "to help the court come to the proper understanding of the claims; it may not be used to vary or contradict the claim language." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1584 (Fed. Cir. 1996).

Having considered in light of the applicable legal standard the parties' written submissions as well as the argument of counsel at a hearing held on November 13, 2003, the Court construes the disputed claim terms as follows:

A.  '726 Patent Claim Terms at Issue

| Term | Court's Construction |
|---|---|
| Network Performance Metrics | Data relating to performance of a network |
| Delivery Site | A node on a network that stores data or other files for delivery |
| Media File | A file containing audio, video or other data that is stored according to a format |

| Page | Information formatted according to a markup language and that is displayable in or in association with a browser |
|---|---|
| Given Code | A specified set of instructions |

Defendant agreed to plaintiff's definition of "client": "A requesting program or user in a client/server relationship."

B.  '143 Patent Claim Terms at Issue

| Term | Court's Construction |
|---|---|
| Global Traffic Management Device | A computer system providing a global traffic management service using one or more computers or parts thereof |
| [Fee] for the Usage Based Upon a Period Time Frequency | A fee for a customer's use of the system over a specified time period |

Plaintiff does not dispute defendant's definition of "accounting module": "A computer program for performing an accounting function." In addition, the parties agreed at the hearing to the following definition of "coupled to": "Connected physically or logically."

```
_____          s/ Rya W. Zobel
       DATE                     RYA W. ZOBEL
                                UNITED STATES DISTRICT JUDGE
```