UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AKAMAI TECHNOLOGIES, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>                        Plaintiffs,<br><br>v.<br><br>SPEEDERA NETWORKS, INC.,<br><br>                        Defendant. | **Civil Action No. 02-12226-RWZ**<br><br>JURY TRIAL REQUESTED |
| AND RELATED COUNTERCLAIMS | |
| AKAMAI TECHNOLOGIES, INC.,<br><br>                        Plaintiff,<br><br>v.<br><br>SPEEDERA NETWORKS, INC.,<br><br>                        Defendant. | |

**DEFENDANT SPEEDERA NETWORKS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND COUNTERCLAIMS**

                                                                                                      **Of Counsel:**

| | |
|---|---|
| Timothy C. Blank (BBO No. 548670)<br>**DECHERT LLP**<br>200 Clarendon Street<br>27th Floor<br>Boston, MA  02116-5021<br><br>Telephone:  (617) 728-7154<br>Facsimile:  (617) 426-6567<br><br><br>Attorneys for Defendant<br>**SPEEDERA NETWORKS, INC.** | John W. Keker<br>Daralyn J. Durie<br>Asim M. Bhansali<br>Brook Dooley<br>**KEKER & VAN NEST, LLP**<br>710 Sansome Street<br>San Francisco, CA  94111-1704<br><br>Telephone:  (415) 391-5400<br>Facsimile:  (415) 397-7188 |

## I. INTRODUCTION

During discovery in this case, Defendant and Counterclaimant Speedera Networks, Inc. ("Speedera") has found instances of false or misleading descriptions or representations of fact made by Plaintiffs Akamai Technologies, Inc. ("Akamai") in its commercial advertising and promotion. Accordingly, Speedera moves to amend its answer to add a counterclaim under the Lanham Act, 15 U.S.C. §1125, to conserve judicial resources and reduce multiplicity of litigation. This Court should grant Speedera the requested leave to add its Third Counterclaim to avoid "resolv[ing] this dispute in a piecemeal fashion." *Salomon S.A. v. Alpina Sports Corp.*, 737 F. Supp. 720, 722 (D. N.H. 1990).

Speedera also seeks leave to amend its answer to add the affirmative defense that the named inventors of U.S. Patent No. 6,421,726 ("'726 Patent") and the attorneys who prosecuted the patent application that issued as the '726 patent violated their duties of candor, good faith, and honesty that they owed to the United States Patent and Trademark Office ("PTO"). The addition of this defense will not prejudice Akamai; indeed, prejudice would arise only were this Court to prevent Speedera from raising its inequitable conduct defense.

For these reasons, the Court should grant Speedera leave to amend its answer.

## II. ARGUMENT

**A.  The Court should grant Speedera leave to amend its answer to add a counterclaim for violations of the Lanham Act, 15 U.S.C. § 1125.**

Speedera should be permitted to add its Lanham Act counterclaim. "Rule 13(f) is interpreted liberally, and amendment is freely granted in order to settle all claims at once." *Salomon*, 737 F. Supp. at 721. Adding Speedera's Lanham Act counterclaim will foster judicial efficiency and reduce the burdens on the parties by avoiding duplicative litigation. The factual issues raised by Speedera's unfair competition claim overlap with the issues already at play in this litigation: the parties' respective technology and services, their understanding of each other's technology and services, and their representations about their technology and services. Furthermore, Akamai has asserted unfair competition claims of its own against Speedera. It would be duplicative, wasteful, and burdensome—both to the parties and to the courts—to

-1-

litigate these issues twice.

Adding Speedera's unfair competition claim would neither unduly complicate these proceedings nor prejudice Akamai. *See Salomon*, 737 F. Supp. at 722 (noting that patent and unfair competition claims are often tried together). As stated, Akamai has already alleged an unfair competition claim against Speedera, so the addition of Speedera's counterclaim does not add a new legal issue to the case. Moreover, Speedera has raised a similar claim against Akamai in the ongoing state court litigation between the parties. Accordingly, Akamai cannot claim that it is unprepared to litigate such matters. This litigation is not so far along that Akamai will be prejudiced by the addition of this counterclaim.

Nor has Speedera unduly delayed in bringing this counterclaim. Speedera has become aware of certain false statements and misrepresentations made by Akamai through the review of documents produced by Akamai. Accordingly, Speedera should be permitted to add its Lanham Act counterclaim. *See Salomon*, 737 F. Supp. at 722 (granting leave to amend to add an unfair competition counterclaim after defendant discovered the facts underlying the counterclaim); *see also 2001 Inc. v. Novaglas Corp.*, 60 F.R.D. 649, 650 (E.D.N.Y. 1973) (Weinstein, J.) (granting leave to amend counterclaim when defendant became aware of claim during discovery).

The Court should "not ... resolve this dispute in piecemeal fashion." *Salomon*, 737 F. Supp. at 722. Accordingly, the Court should grant Speedera's motion to amend its answer to add its Lanham Act counterclaim.

**B.    The Court should grant Speedera leave to amend its answer to add the affirmative defense of inequitable conduct.**

Rule 15(a) of the Federal Rules of Civil Procedure permits Speedera to amend its answer to add the affirmative defense of inequitable conduct. Fed. R. Civ. P. 15(a) ("[L]eave [to amend] shall be freely given when justice so requires."). Rule 15(a) should be liberally construed, *Maddalone v. Okada Shosen, KK*, 756 F.2d 886, 887 (1st Cir. 1985), and Speedera's motion may not be denied simply because Speedera has waited to assert its inequitable conduct defense, *Hayes v. New England Millwork Distrib., Inc.*, 602 F.2d 15, 19 (1st Cir. 1979).

The addition of Speedera's inequitable conduct defense will neither delay this litigation

-2-

nor unduly prejudice Akamai. Akamai has ample time in which to prepare its response to this affirmative defense.

Indeed, prejudice would arise only were this Court to prevent Speedera from raising its inequitable conduct defense. Speedera has determined that the named inventor Brian Kenner and/or the prosecuting attorney David H. Judson failed to disclose at least fifteen references to the PTO. Speedera believes that these references are material and that the concealment of such material prior art was done knowingly and with the intent to deceive the PTO in order to assert patentability of the '726 patent. Speedera should be permitted a full and fair opportunity to litigate this defense.

### III.   CONCLUSION

For all of the foregoing reasons, Speedera respectfully requests that this Court grant leave to amend its answer.

DATED: December 30, 2004

Respectfully submitted,

KEKER & VAN NEST, LLP

By: _____
Asim M. Bhansali
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:   (415) 391-5400
Facsimile:   (415) 397-7188

Attorneys for Defendant
SPEEDERA NETWORKS, INC.